# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXCIME CAGAN,<br><br>           Plaintiff,<br><br>   v.<br><br>S. LAKE, et al.,<br><br>           Defendants. | Case No. 1:19-cv-01629-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Maxcime Cagan is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Currently before the Court for screening is Plaintiff's complaint, filed on November 15, 2019. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names U.S. Penitentiary Atwater Warden S. Lake, U.S. Penitentiary Atwater Mail Room Officer M. Fischer, U.S. Penitentiary Atwater Mail Room Officer R. Martinez, and the Federal Bureau of Prisons as Defendants.

Plaintiff alleges as follows:

///

> Mr. S. Lake is the warden and is responsible for making sure that FBOP policies are property executed at Atwater, he has failed (5) five separate times in this regard, because on the dates below Mr. M. Fischer, and Mr. R. Martinez opened my legal mail from my attorney outside of my presence, and processed them through regular mail with a stamp that states my legal mail doesn't meet the criteria for legal mail per BOP policy, after I filed for administrative action they realized I had a case against them and started to call me to the mail room despite the letters being addressed in exactly the same manner, my complaint is because my complaint and appeal was denied by BOP despite the fact that they were aware of their violations … The dates the letters were opened are: 1/2/18, 1/29/18, 2/23/18, 9/21/18, and 1/28/19 ….

(ECF No. 1, at 3.) Plaintiff further states that the Defendants' actions or inactions have injured him because his attorney-client confidentiality is being violated, his legal mail is being read and copied, and his ability to prepare and transmit his legal documents is "fatally affected by this federal violation…" (Id.)

Plaintiff seeks $20,000.00 in monetary damages. (Id. at 6.)

### III.

### DISCUSSION

#### A.   Defendant Federal Bureau of Prisons

The Supreme Court has recognized an implied cause of action against certain federal officials for certain constitutional violations. Ziglar v. Abbasi, ____ U.S. ____, 137 S. Ct. 1843, 1854-55 (2017); Bivens, 403 U.S. at 392, 396-97. However, a Bivens cause of action cannot be maintained against the United States or agencies of the United States. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (no Bivens actions against federal agencies); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) (no Bivens actions against the United States). Therefore, since Defendant Federal Bureau of Prisons is a federal agency, Plaintiff's Bivens claims against Defendant Federal Bureau of Prisons cannot be maintained. Since this is a deficiency that cannot be cured by amendment, the Court concludes that granting leave to amend would be futile.

#### B.   Supervisory Liability

To the extent that Plaintiff seeks to hold Defendant Lake liable based solely upon his supervisory role as Warden, he may not do so. Liability may not be imposed on supervisory

personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (holding that "*respondeat superior* is inapplicable to Bivens actions[]"). "Because the doctrine of *respondeat superior* does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006). Therefore, supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In this case, Plaintiff alleges that Defendant Lake is liable for the violations of Plaintiff's rights under the First Amendment because Defendant Lake failed to uphold that his responsibility to make sure that Federal Bureau of Prisons policies are properly executed at the prison when Defendants Fischer and Martinez opened Plaintiff's legal mail outside of Plaintiff's presence five separate times. However, as discussed below, the Court declines to recognize an implied Bivens cause of action for improper handling/reading of legal mail in violation of the First Amendment. Therefore, since Plaintiff has failed to allege a cognizable claim for improper handling/reading of legal mail in violation of the First Amendment, Plaintiff has failed to state a cognizable supervisory liability claim against Defendant Lake. Since this is a deficiency that cannot be cured by amendment, the Court concludes that granting leave to amend would be futile.

**C.    First Amendment – Improper Handling/Reading of Legal Mail**

Plaintiff alleges that on January 2, 2018, January 29, 2018, February 23, 2018, September 21, 2018, and January 28, 2019, Defendants Fischer and Martinez opened Plaintiff's legal mail from his attorney outside of Plaintiff's presence and then processed the legal mail through the regular mail process, with a stamp that stated Plaintiff's legal mail did not meet the criteria for legal mail per Federal Bureau of Prisons policy. Plaintiff further states that his legal mail is being read and copied. (ECF No. 1, at 3.)

In the § 1983 context, the Ninth Circuit has held that "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). However, since Plaintiff is a federal

prisoner challenging the actions or inactions of federal employees, Plaintiff's action is brought pursuant to Bivens, 403 U.S. 388, not § 1983. Therefore, this Court must determine if there is an implied Bivens cause of action for improper handling/reading of legal mail in violation of the First Amendment.

In Ziglar v. Abbasi, the Supreme Court set forth a two-part test for courts to use in order to determine whether a Bivens claim may proceed. Ziglar, 137 S. Ct. at 1859-60. First, the court must determine whether the case presents a new Bivens context. "If [a] case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court], the context is new." Id. at 1859.

Second, if a case presents a new context for a Bivens action, the court must then determine whether there are any "special factors counselling hesitation in the absence of affirmative action by Congress." Id. at 1857 (citation omitted). The "special factors" inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" Id. at 1857-58. Ziglar specifically noted that, "if there is an affirmative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Ziglar, 137 S. Ct. at 1858. "In sum, if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III." Id.; see also id. at 1857 (stating that the Supreme Court has made it "clear that expanding the Bivens remedy is now a 'disfavored' judicial activity," which is "in accord with the Court's observation that it has 'consistently refused to extend Bivens to any new context or new category of defendants.'" (internal citations omitted)).

     1.     Plaintiff's First Amendment Claim Presents a New Bivens Context

The Supreme Court has implied a damages remedy under the U.S. Constitution in only three contexts: (1) Fourth Amendment unreasonable search and seizure in Bivens, 403 U.S. at 396-97; (2) Fifth Amendment gender discrimination in Davis v. Passman, 442 U.S. 228, 248-49

5

(1979); and (3) Eighth Amendment deliberate indifference to serious medical needs in Carlson v. Green, 446 U.S. 14, 19 (1980). "These three cases – Bivens, Davis, and Carlson – represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017). Therefore, Plaintiff's claim for improper handling/reading of his legal mail in violation of the First Amendment presents a new Bivens context. Hence, the Court must evaluate whether special factors counsel against extending the Bivens damages remedy to this new context.

        2. <u>Special Factors Counsel Against Extending the Bivens Remedy in this Case</u>

Here, the Court finds that special factors counsel hesitation in implying a Bivens damages remedy in the context of a First Amendment claim for improper handling/reading of legal mail for three reasons.

First, the Supreme Court has "never held that Bivens extends to First Amendment claims." Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012). In fact, in Bush v. Lucas, 462 U.S. 367, the Supreme Court refused to extend Bivens to a First Amendment free speech and retaliatory demotion claim by a federal employee against the employee's supervisor on the ground that "Congress is in a better position to decide whether or not the public interest would be served by creating" a new substantive legal damages remedy in the action's specific First Amendment context. Bush, 462 U.S. at 390.

Second, Plaintiff has alternative processes by which to pursue his claims and remedies. See Ziglar, 137 S. Ct. at 1858 ("[I]f Congress has created any alternative, existing process for protecting the [injured party's] interest that itself may amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.") Alternative processes "can take many forms, including administrative, statutory, equitable, and state law remedies." Vega v. United States, 881 F.3d 1146, 1154 (9th Cir. 2018). In this case, initially, Plaintiff could have, and did utilize, the administrative grievance process provided by the Federal Bureau of Prisons, codified at 28 C.F.R. §§ 542.10-542.19, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 U.S.C. § 542.10(a); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, 74 (2001) (recognizing the Federal

Bureau of Prisons administrative grievance process as a remedy available to federal prisoners). Further, Plaintiff could seek injunctive relief or potentially file a civil action for damages against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2679(b). See Malesko, 534 U.S. at 74 (observing that injunctive relief has long been recognized as proper means for altering unconstitutional policy).

Third, the Court finds that "extending Bivens to [Plaintiff's First Amendment claim] would substantially affect government operations and unduly burden [Federal Bureau of Prisons] officials who must defend against this suit in their personal capacities." Schwarz v. Meinberg, 761 F. App'x 732, 735 (9th Cir. 2019) (declining to extend Bivens remedies to a plaintiff's access to courts claim under the First and Fifth Amendments and a Fifth Amendment claim regarding denial of plaintiff's request for camp placement); see also Anderson v. Creighton, 483 U.S. 635, 638 (1987) ("[P]ermitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.").

Therefore, the Court finds that special factors counsel hesitation in this context and, thus, declines to find an implied Bivens cause of action for improper handling/reading of legal mail in violation of the First Amendment. See Free v. Peikar, No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-[Ziglar], prisoners have no right to bring a Bivens action for violation of the First Amendment."). Consequently, Plaintiff has failed to state a cognizable claim against Defendants Fischer and Martinez for improper handling/reading of legal mail in violation of the First Amendment. Since this is a deficiency that cannot be cured by amendment, the Court concludes that granting leave to amend would be futile.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief under Bivens against any named Defendant. Since the defects in Plaintiff's complaint are not capable of being cured through amendment, granting leave to amend would be futile. Akhtar v.

Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a Fresno District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 13, 2019**__  
                                                  UNITED STATES MAGISTRATE JUDGE